UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Nike, Inc.

          Plaintiff,

v.

Case No.: 1:22−cv−01802

Honorable Steven C. Seeger

The Partnerships and Unincorporated Associations Identified on Schedule "A"

          Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, August 9, 2022:

    MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed Plaintiff's motion for an ex parte temporary restraining order (Dckt. No. [14]). The proposed minute order includes a request for an asset freeze. By August 19, 2022, Plaintiff must file a statement and point to the statutory provision that gives this Court the power to impose an asset freeze at the outset of the case. If Plaintiff cannot point to a specific statutory provision, then Plaintiff must address how its request for an asset freeze is consistent with Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). In its memo, Plaintiff argues that "[c]ourts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity." See Mem., at 12. In Grupo Mexicano, the Supreme Court held that a district court has "no authority to issue a preliminary injunction preventing [a defendant] from disposing of their assets pending adjudication of [plaintiff's] contract claim for money damages." Id. at 333. The Supreme Court adhered to the long−standing rule that "a judgment establishing the debt was necessary before a court of equity would interfere with the debtor's use of his property." Id. at 321. "However, the [Grupo] [C]ourt specifically noted that a restraint on assets was still proper if a suit sought equitable relief." See CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002) (citing Grupo, 527 U.S. at 333; Deckert v. Independence Shares Corp., 311 U.S. 282, 288 (1940)). "[A]s a general matter [] prejudgment asset restraints are not proper simply to establish a fund from which a later award of money damages can be satisfied." See Banister v. Firestone, 2018 WL 4224444, at *9 (N.D. Ill. 2018). An equitable restraint at the outset of the case might be doable if Plaintiff obtained equitable monetary relief at the end of the day, like an accounting of profits. See Deckers Outdoor Corp. v. Unincorporated Associations Identified on Schedule A, 2013 WL 12314399 (N.D. Ill. 2013). But as a practical matter, in Schedule A cases, that recovery almost never happens, if at all. Instead, plaintiffs rush into court, seek and obtain an asset freeze, obtain a default judgment, and then ask district courts to unfreeze the money and award statutory damages, not equitable relief. In that scenario, it is not clear to this Court that it would be appropriate to use any frozen funds for any recovery of statutory damages, because statutory damages are a remedy at law, not a

remedy in equity. If Plaintiff believes that it is appropriate for this Court to freeze funds at the outset of the case, and then use those funds to recover statutory damages (not equitable monetary relief) at the end of the case, then Plaintiff must explain why. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.